■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT JAMES HERMANCE, Appellant.—Judgment, County Court, Columbia County, rendered on December 28, 1972, affirmed. No opinion. Herlihy, P. J., Greenblott, Cooke and Reynolds, JJ., concur; Sweeney, J., dissents and votes to reverse in the following memorandum. Sweeney, J. (dissenting). I dissent and vote to reverse. While confined to the Columbia County jail waiting Grand Jury action on an alleged burglary charge, defendant was interrogated by a member of the New York State Police on charges of burglary in the third degree and larceny in the third degree. As a result of this questioning, he made certain admissions in connection with such charges. At that time he was being represented by the Public Defender on the alleged burglary charge. The Grand Jury subsequently failed to indict him on that charge, but returned a two-count indictment against him on the present charges. At his trial the confession obtained from him was admitted and he was convicted and sentenced to concurrent terms not to exceed four and three years, respectively. Defendant contends that because he was not fully informed of his constitutional and legal rights, including the full *Miranda* warnings, the inculpatory statements he made to the police officer were inadmissible as a matter of law. He maintains that at no time was he told that he had a right to have counsel assigned if he could not afford counsel. The purpose of this phase of the four-pronged *Miranda* warning is to protect the indigent (*Miranda* v. *Arizona,* 384 U. S. 436, 473). " As with the warnings of the right to remain silent and of the general right to counsel, only by effective and express explanation to the indigent of this right [if he is indigent a lawyer will be appointed to represent him] can there be assurance that he was truly in a position to exercise it." (*Miranda* v. *Arizona,* supra, p. 473.) There is ample proof in the record to establish defendant's indigency, and consequently, his circumstances are readily distinguishable from those present in *People* v. *Post* (23 N Y 2d 157). An examination of the testimony of the interrogating officer at the *Huntley* hearing is required to resolve the issue, the pertinent parts of which are as follows: " D. A.: And so you went to see Mr. Hermance here in the County Jail, is that correct? Inv. Savosky: That's correct. D. A.: And before entering into any conversation with him did you give him any warning? Inv. Savosky: Yes, sir. I did. D. A.: What did you tell him? Inv. Savosky: I told him that he didn't have to talk to us. I knew that he had the Public Defender as an attorney and he confirmed he did. I said, I know that Russell Baller is your attorney. Will you talk to me? He said certainly he would. Later in the hearing, the Distirct Attorney recalled the investigator: D. A.: Did you tell him he had a right to an attorney? Inv. Savosky: Yes, sir. And I told him I knew he had Russell Baller as an attorney. D. A.: Was he agreeable to that, that he knew he had Russell Baller representing him in another matter, is that correct? Inv. Savosky: Yes, and he said he'd talk to me." At the close of the *Huntley* hearing the Public Defender moved to suppress any of the statements which defendant made to Savosky. The trial court refused to suppress such statements, finding that the *Miranda* warnings were substantially given. An analysis of the testimony at the hearing clearly reveals that the warning given failed to comply

with the fourth warning required by _Miranda._ This failure was compounded further by a misstatement of the facts. This was confusing. The Public Defender did not, in fact, represent defendant in the specific matter about which he was being questioned. Had he been so represented by the Public Defender, further questioning in the absence of counsel would have been proscribed. (See _People_ v. _Taylor,_ 27 N Y 2d 327, 332.) To properly assess the voluntariness of defendant's statements, it is necessary to consider it in light of the surrounding circumstances. Here the defendant was a 21-year-old indigent, confined to jail, being questioned by a State trooper. Under these circumstances I am of the opinion that the misinformation imparted, coupled with the failure to comply fully with _Miranda,_ invalidated the subsequent confession, and the trial court should have suppressed it. The judgment should be reversed and the matter remanded for a new trial.